# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | | |
|---|---|---|
| **SHERI SWAISGOOD**<br>6804 Bragg Lane<br>Harrison, OH 45030 | : <br> : <br> : <br> : | Case No. 4:20CV00240 <br><br> Judge |
| **Plaintiff,** | : <br> : | |
| vs. | : <br> : | |
| **HIGHPOINT HEALTH**<br>600 Wilson Creek Road<br>Lawrenceburg, IN 47025 | : <br> : <br> : <br> : | |
| **Defendant.** | : | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sheri Swaisgood, for her Complaint against Defendant Highpoint Health, states as follows:

### I. Preliminary Statement

1. This is a civil rights action arising out of Plaintiff Sheri Swaisgood's employment with Highpoint Health. Ms. Swaisgood alleges that she was unlawfully terminated because of her disability and in retaliation for complaining of disability discrimination.

2. Ms. Swaisgood's claims arise under the Americans with Disabilities Act and the Family and Medical Leave Act.

3. Ms. Swaisgood seeks relief for the aforementioned acts and/or omissions in the form of compensatory damages for both her economic and non-economic injuries. She also seeks liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and her reasonable attorney fees and costs in prosecuting this matter.

## II.  JURISDICTION AND VENUE

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by the ADA and FMLA.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Indiana.

## III.  PARTIES

6. Plaintiff Sheri Swaisgood is a United States citizen and a resident of Hamilton County, Ohio. Ms. Swaisgood was employed as a Nurse Practitioner at Highpoint Health's 600 Wilson Creek Road location and is disabled as that term is defined by the ADA.

7. Defendant Highpoint Health ("Highpoint") is a hospital network located in Lawrenceburg, Indiana. Highpoint is an "employer" as that term is defined in the Americans with Disabilities Act.

## IV.  ADMINISTRATIVE HISTORY

8. On March 3, 2020, Ms. Swaisgood filed an administrative charge of discrimination against Highpoint with the Equal Employment Opportunity Commission (Charge No. 470-2020-01247). She alleged that she was discriminated against because of her disability and retaliated against for requesting a reasonable accommodation. The EEOC issued a Notice of Right to sue on September 2, 2020.

9. Ms. Swaisgood has brought suit within 90 days of receiving the Notice of Right to Sue on her charge of discrimination.

## V.  STATEMENT OF THE CASE

10. Highpoint hired Ms. Swaisgood in January 2017 as a full-time Nurse Practitioner.

11. Ms. Swaisgood suffers from cystic fibrosis.

12. Cystic fibrosis substantially limits the operation of Ms. Swaisgood's respiratory and digestive systems.

13. Highpoint offers employees health insurance through a self-funded plan. As a result, Ms. Swaisgood's prescription medications for her cystic fibrosis are approved and paid for by Highpoint.

14. In July 2018, Ms. Swaisgood's treating physician recommended that she switch to a more expensive preventative medication for her cystic fibrosis.

15. Shortly thereafter, Ms. Swaisgood submitted a request for her physician-recommended medication.

16. After submitting the request, Highpoint's CEO, Chief Medical Officer, Pharmacy Director, and Human Resources Director met to discuss Ms. Swaisgood's physician-recommended medication request.

17. Approximately ten months later, in May 2019, Highpoint denied Ms. Swaisgood's request, claiming the medication was too expensive.

18. Later that month, Highpoint cut Ms. Swaisgood's hours—converting her to a part-time employee. Highpoint scheduled Ms. Swaisgood to work two days per week.

19. In November 2019, Ms. Swaisgood's physician prescribed another preventative medication for her disability that was also very expensive.

20. Approximately one month later, Highpoint again denied Ms. Swaisgood's request for her prescribed medication, claiming it was not medically necessary.

21. Later in November 2019, Ms. Swaisgood applied for intermittent FMLA leave. Highpoint approved Ms. Swaisgood's application.

22. On December 3, 2019, Ms. Swaisgood suffered a flareup of her cystic fibrosis.

23. Ms. Swaisgood utilized her FMLA leave on December 3 and December 5.

24. When Ms. Swaisgood returned from her FMLA leave, Brenda Jones, Ms. Swaisgood's supervisor, told Ms. Swaisgood that Highpoint could not justify her pay with her recent absences.

25. In early January 2020, Highpoint terminated Ms. Swaisgood. Highpoint's stated reason for her termination was that her productivity was lacking.

26. Since Ms. Swaisgood's termination, she has applied for two open Nurse Practitioner positions at Highpoint Health. Highpoint did not hire Ms. Swaisgood for either position.

27. Highpoint's justification was merely pretext for illegal discrimination on the basis of Ms. Swaisgood's disability and for taking FMLA leave.

28. The acts and/or omissions of Highpoint were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. Swaisgood's rights under federal law.

29. As a direct and proximate result of Defendant's actions, Ms. Swaisgood has suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to her professional reputation.

## VI.  STATEMENT OF THE CLAIMS

### Count 1: Disability Discrimination
### (42 U.S.C. § 12101)

30. Plaintiff incorporates paragraphs 1 through 29 as if fully rewritten herein.

31. Ms. Swaisgood suffers from a disability.

32. Ms. Swaisgood is qualified to perform the essential functions of her position with a reasonable accommodation.

33. Highpoint terminated Ms. Swaisgood because of her disability.

34. As a result of Highpoint's illegal actions, Ms. Swaisgood has suffered damages including lost wages and emotional distress.

35. Highpoint acted with malice and a conscious disregard for Ms. Swaisgood's federally protected rights.

### Count 2: Retaliation
### (42 U.S.C. § 12101)

36. Plaintiff incorporates paragraphs 1 through 35 as if fully rewritten herein.

37. Ms. Swaisgood engaged in protected activity when she requested a reasonable accommodation of job-protected medical leave.

38. Highpoint knew of Ms. Swaisgood's protected activity.

39. Highpoint terminated Ms. Swaisgood.

40. There is a causal relationship between the protected activity and adverse action.

41. As a result of Highpoint's illegal actions, Ms. Swaisgood has suffered damages including lost wages and emotional distress.

42. Highpoint acted with malice and a conscious disregard for Ms. Swaisgood's federally protected rights.

### Count 3: Failure to Hire
### (42 U.S.C. § 12101)

43. Plaintiff incorporates paragraphs 1 through 42 as if fully rewritten herein.

44. Ms. Swaisgood suffers from a disability.

45. Highpoint is aware of Ms. Swaisgood's disability.

46. Ms. Swaisgood is qualified for the positions she applied for.

47. Highpoint did not hire Ms. Swaisgood because of her disability.

48. As a result of Highpoint's illegal actions, Ms. Swaisgood has suffered damages including lost wages and emotional distress.

49. Highpoint acted with malice and a conscious disregard for Ms. Swaisgood's federally protected rights.

### Count 4: FMLA Interference
### (29 U.S.C. § 2601)

50. Plaintiff incorporates paragraphs 1 through 49 as if fully rewritten herein.

51. Ms. Swaisgood was entitled to FMLA leave.

52. Highpoint interfered with Ms. Swaisgood's use of FMLA leave by terminating her. Highpoint used Ms. Swaisgood's FMLA leave as a negative factor in the decision to terminate her employment.

53. As a result of Highpoint's actions, Ms. Swaisgood suffered damages, including lost wages and other economic harm.

### PRAYER FOR RELIEF

Wherefore, Ms. Swaisgood demands judgment against Highpoint Health as follows:

1. An award of compensatory damages for all economic damages suffered by Ms. Swaisgood in an amount to be determined at trial, plus interest;

2. An award of liquidated damages in an amount equal to her economic damages and interest;

3. An award of compensatory damages for all non-economic damages suffered by Ms. Swaisgood in an amount to be determined at trial;

4. For an order reinstating Ms. Swaisgood to her previous position at Highpoint, inclusive of all pay increases and benefits to which she would have been entitled had she not been terminated, or in the alternative, an award of front pay;

5. For an award of punitive damages in an amount to be determined at trial;

6.      For an award of Ms. Swaisgood's reasonable attorney fees and costs;

7.      For an award of any other relief in law or equity to which Ms. Swaisgood is entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com

*Attorneys for Plaintiff Sheri Swaisgood*

## JURY DEMAND

Plaintiff Sheri Swaisgood demands a jury trial to resolve all issues of fact related to her Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
